IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60828
Summary Calendar
_____

ROBERT E. JONES,

                                        Plaintiff-Appellee,

versus

JOE CONNER ET AL.,

                                        Defendants,

JOE CONNER, EDDIE BOUND, AND DONNIS CHATMAN,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:96-CV-323-EMB
--------------------
August 31, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     The defendants appeal the amount of damages awarded to the

plaintiff, Robert Jones, for injuries received as the result of

the defendants' use of excessive force against him at

Mississippi's Parchman penitentiary.

     A trial court's assessment of damages is a finding of fact

that is scrutinized under the "clear error" standard.  Wheat v.

United States, 860 F.2d 1256, 1259 (5th Cir. 1988).  A trial

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court is allowed wide discretion in setting a damage award.
Wheat, 860 F.2d at 1259. Absent an error of law, the reviewing
court will sustain the amount of damages awarded by the fact
finder, unless the amount is clearly erroneous or so gross or
inadequate as to be contrary to right reason. Sockwell v.
Phelps, 20 F.3d 187, 192 (5th Cir. 1994) (citing Thompkins v.
Belt, 828 F.2d 298, 301 (5th Cir.1987)). Physical injury, pain
and suffering, personal humiliation, mental distress, and
embarrassment are compensable under § 1983. See Baskin v.
Parker, 602 F.2d 1205, 1209 (5th Cir.1979); Thompkins, 828 F.2d
at 301-02.

The magistrate judge found that "the medical records and
pictures clearly establish that plaintiff was beaten," and that
he "was injured [and] was treated for a significant injury." The
defendants have cited no authorities in support for a lower
damage award, nor do they specify what that award should be. If
it is assumed that the magistrate judge's award was compensatory
only, $6,000 was not "so gross as to be contrary to right
reason." See Sockwell, 20 F.3d at 192. Cf., e.g., Williams v
Omodt, 640 F. Supp. 120, 123 (D. Minn. 1986) ($5,000 compensatory
damages for bruises, swelling, and considerable pain, but no
permanent injury, resulting from beating by a single prison
guard).

When the magistrate judge found constitutionally excessive
force, he made the threshold finding of "evil intent" or "callous
indifference" needed to warrant punitive damages, because the
threshold standard for excessive-force liability - that the force

was applied "maliciously and sadistically for the very purpose of causing harm," <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992) - is substantially indistinguishable from the threshold standard for punitive damages. <u>See</u> <u>Smith v. Wade</u>, 461 U.S. 30, 33, 51-53 & n.17 (1983). Any punitive damages award thereafter would have rested on the magistrate judge's "discretionary moral judgment" as to the punishing and deterring effect punitive damages might have against these defendants. <u>Id.</u> at 30, 50-52. The defendants fail to argue any abuse of discretion, and an award of punitive damages would not have been abusive.

The $6,000 award was not clearly erroneous if compensatory, nor an abuse of discretion if punitive, nor excessive if a combination of both punitive and compensatory damages. Accordingly, the ruling of the magistrate judge is AFFIRMED.